IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 1:19-cv-1424 (RDA/MSN) <br> ) |
| KRM SERVICES, LLC, *et al.*, | ) <br> ) |
| Defendants. | ) |

**<u>ORDER AND FINAL JUDGMENT AS TO DEFENDANT KRM SERVICES, LLC</u>**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Michael Nachmanoff on August 26, 2021. Dkt. 47. In this Securities Act and Exchange Act case, 15 U.S.C. §§ 77e(a) and (c), 77q(a), and 78j(b), Judge Nachmanoff recommends that the Court grant Plaintiff Security and Exchange Commission's Motion for Entry of Default Judgment; enjoin Defendant KRM Services, LLC ("KRM") from violating the registration and anti-fraud provisions of the federal securities laws; order KRM to pay disgorgement in the amended amount of $296,500.48; order KRM to pay prejudgment interest of $54,256.35 on the amount of disgorgement; and order KRM to pay a civil penalty of $361,579.00. Plaintiff originally filed its Motion for Entry of Default Judgment against Defendant KRM Services, LLC on February 3, 2020. Dkt. 15. On September 11, 2020, Plaintiff submitted an amendment to its Motion. Dkt. 32.

Under Federal Rule of Civil Procedure 72, the deadline for submitting objections to Judge Nachmanoff's Recommendation was September 9, 2021. To date, no objections have been filed. After reviewing the record and Judge Nachmanoff's Recommendation, and finding no clear error,

the Court hereby APPROVES and ADOPTS the Recommendation.[1] The Court enters Final Judgment as to Defendant KRM Services, LLC with the following provisions:

## I. INJUNCTION AGAINST VIOLATIONS OF
## SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (holding that in the absence of any objections to a Magistrate Judge's Recommendation, the Court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'").

## II. INJUNCTION AGAINST VIOLATIONS OF
## SECTION 17(A) OF THE SECURITIES ACT

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III. INJUNCTION AGAINST VIOLATIONS OF
## SECTION 5 OF THE SECURITIES ACT

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV. DISGORGEMENT AND PENALTY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $296,500.48, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $54,256.35, and a civil penalty in the amount of $361,579.00 pursuant to Section 21 of the Exchange Act [15 U.S.C. §

78u(d)] and Section 20 of the Securities Act [15 U.S.C. § 77t(d)].  Defendant shall pay the foregoing amounts to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; KRM Services, LLC, as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## VII. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment is GRANTED. Dkt. 15. It is hereby

ORDERED that Defendant KRM Services, LLC is hereby permanently ENJOINED from violating the registration and anti-fraud provisions of the federal securities laws, as ordered in the Court's Final Judgment; and it is

FURTHER ORDERED that Defendant KRM Services, LLC pay disgorgement in the amended amount of $296,500.48; and it is

FURTHER ORDERED that Defendant KRM Services, LLC pay prejudgment interest of $54,256.35 on the amount of disgorgement; and it is

FURTHER ORDERED that Defendant KRM Services, LLC pay a civil monetary penalty of $361,579.00 to the United States Treasury pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20 of the Securities Act, 15 U.S.C. § 77t(d).

The Clerk is directed to forward copies of this Order to counsel of record and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
September 15, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge